, MAYO v. SPARTANBURG &c. RAILROAD COMPANY.

1. Railroads—Fires—Pleadings.—Under the statute (Gen. Stat., § 1511,) that makes a railroad company responsible for fires resulting from the act of its "authorized agents," a complaint is not defective in alleging that such a fire resulted from the act of defendant's "agent"—omitting the word "authorized."

2. Ibid.—Ibid.—Proof of Title.—Where plaintiff in action against a railroad company to recover damages, resulting from a communicated fire, alleges in the complaint his title to the injured land, and this allegation is denied by the answer, plaintiff cannot establish his right to recover by the mere oral statement that he is the owner of the land.

Before WALLACE, J., Fairfield, February, 1893.

Action by Philip R. Mayo against the Spartanburg, Union and Columbia Railroad Company, commenced August 15, 1892.

*Mr. B. L. Abney*, for appellant.

*Messrs. Ragsdale & Ragsdale*, contra.

March 6, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. The plaintiff brought this action against the defendant in the Court of Common Pleas for Fairfield County, in this State, to recover damages for injuries from fire communicated from defendant's right of way to plaintiff's lands, and came on to be heard before Judge Wallace and a jury at the February Term, 1893, of said court. A verdict was rendered for $200 for plaintiff. After judgment therefor had been duly entered, the defendant appealed therefrom on two grounds, namely: 1. To the order of the presiding judge overruling defendant's demurrer to the amended complaint, on the ground that it did not state facts sufficient to constitute a cause of action. 2. Excepts to the ruling of the Circuit Judge in permitting the plaintiff as a witness in his own behalf to prove title and ownership of the land by parol, and in permitting said witness to answer that he was the owner of said land, whereas he should have required the plaintiff to show paper title to the said land, or adverse possession for such length of time as would give him a title. We will consider these grounds of appeal in their order.

*First.* Section 1511 of our General Statutes does hold railroads responsible in damages to any person or corporation whose buildings or other property may be injured by fire communicated by the locomotive engines of such railroad company, or originating within the limits of the right of way of said road, in consequence of the act of any of its authorized agents or employees, except in certain cases not necessary to be here repeated. The complaint charges: "That on the      day of May, A. D. 1892, the defendant, through its agent, set fire out upon its right of way, which fire was communicated to the said land of the plaintiff, and burned over about 200 acres of the same, &c., to the plaintiff's damage $300, and contrary to the act of the General Assembly in such cases made and provided." The defendant interposed an oral demurrer to the complaint, alleging that it did not state facts sufficient to constitute a cause of action. The objection to the allegations of the complaint was that it failed to state the exact language of the statute, viz: "*authorized* agent," but only used the words, "its agent." The Circuit Judge overruled the demurrer. We think the judge was clearly right. A corporation

acts through agents.    There is sufficient compliance with the
statute in question when the words "its agents" are used.    The
subsequent words "or employees" clearly show that the purpose
of the act was to subject such corporations to a liability for any
injury to the property of others from a fire communicated by
the engine of a railroad company, or from fire communicated
from its road-bed, where such fire was placed on its road-bed
by its agents or employees.    The word "authorized" prefixed
to "agent," in the connection used in the statute, is of no par-
ticular significance.

*Second.*  When we look at plaintiff's complaint, we find that
he chose to formally plead his title to said lands in controversy.
The defendant denied the paragraph 2 of the complaint,
where plaintiff alleged his title to the lands injured by
the fire.    We know that great latitude is allowed in the
matter of proof as to lands whereon injuries are alleged to have
been committed by others.    The cases referred to in the argu-
ment here on both sides show this.    But we are yet to learn
that a tender of title to land when made by one and denied by
another in the pleadings, can be answered by proof of such title
by plaintiff's answer to the inquiry, if he owns such lands, that
he does, and this against and over the objection of the defend-
ant to the competency of such testimony.    Here, there was no
proof that the plaintiff occupied any part of the land by him-
self, or others for him.    No allegation was made of such occu-
pancy.    As was said by Judge Evans in the case of *Johnson* v.
*McIllwain,* Rice, 375: "This form of action—trespass *quare
clausum fregit*—is used for the violation of plaintiff's possession ;
if he be in the actual occupancy, he can maintain the action
without title.    If his possession be constructive and not actual,
he cannot maintain it without proof of title."    Now, this stat-
ute provides compensation for the owner of the property in-
jured.    If a party holding title by paper title can recover
without its production, what will prevent some party, who has
been in possession, claiming title from adverse, continuous
possession of the land for twenty years, bringing his action and
make the defendant pay damages a second time?    Under the
pleadings in this case, the plaintiff should have been required

to prove his title by other methods than his parol testimony, unless such testimony proved title as resulting from an adverse holding under the statute of limitations, or by presumption of law. Neither of these was attempted in the case at bar. It follows, therefore, that the Circuit Judge erred when he admitted this testimony.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.