## SOUTHERN REALTY INVESTMENT COMPANY *v.* WALKER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF GEORGIA.

No. 43.    Argued December 7, 8, 1908.—Decided January 4, 1909.

A corporation organized by citizens of one State in another State simply for the purpose of bringing suits on causes of action against citizens of the former State in the Federal courts where jurisdiction would not otherwise exist, is a sham and, under § 5 of the act of March 3, 1875, c. 137, 18 Stat. 470, a suit brought by such a corporation does not really and substantially involve a dispute within the jurisdiction of the Circuit Court and should be dismissed, as soon as such facts have been ascertained.

THE facts are stated in the opinion.

*Mr. Alexander C. King* for plaintiff in error.

*Mr. Olin J. Wimberly* for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

This action of ejectment was brought in the Circuit Court of the United States for the Southern District of Georgia to recover a tract of land in that State. The plaintiff, the Southern Realty Investment Company, sued as a corporation of South Dakota, while the defendant is a citizen of Georgia.

The articles of incorporation filed by the company in South Dakota stated that the purpose for which the corporation was formed was to buy, sell or lease real estate; open up farm lands and operate farms; carry on any business which may be deemed advantageous in connection with farming operations; borrow and lend money on such security as may be deemed advisable; make and furnish abstracts of title to lands; guaranty titles of lands; buy, sell, or discount notes, accounts, mortgages, bonds, judgments, executions and commercial paper of any kind; issue bonds and secure the same by mortgage or conveyance of property, real or personal, and sell, pledge or hypothecate such bonds; derive compensation and profit from such transactions; and generally to do any and everything needful to the carrying on of such business transactions.

The case was tried on a plea to the jurisdiction of the Circuit Court of the United States.

In that plea it was averred that although the petition alleged diversity of citizenship, the suit was not, in fact, one of that character, but one in which the parties have been improperly made for the purpose only of creating a case of which the Circuit Court of the United States could take cognizance; that the Southern Realty Investment Company was incorporated and organized, under the laws of South Dakota, at the instance of two named Georgia lawyers, in order that it might, under their direction, prosecute suits in the United States court that did not really and substantially involve disputes or controversies within its jurisdiction, but controversies really and substantially between citizens of Georgia; that the only business the company has is to prosecute suits in the United States courts,

in its name, for those attorneys and other citizens of Georgia to recover lands and mesne profits, of which suits those courts cannot properly take cognizance; and that the present suit against citizens of Georgia has been brought, in the name of the South. Dakota corporation, for the use and benefit of certain other citizens of Georgia (the real and substantial plaintiffs in interest), for the purpose of conferring an apparent jurisdiction on the Circuit Court of the United States. The defendant's prayer was that the court should take no further cognizance of the action, but should dismiss it as one not really and substantially involving a dispute or controversy properly within the jurisdiction of the court, and one in which the parties to the suit had been improperly and collusively made for the purpose of creating a case cognizable in said court.

The plea to the jurisdiction was based on the act of Congress of March 3d, 1875, c. 137, determining the jurisdiction of the Circuit Court of the United States and regulating the removal of causes from state courts. By that act (§ 5) it was provided, among other things, that if at any time after a suit is commenced in a Circuit Court of the United States it shall appear to the satisfaction of the court "that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said Circuit Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require," etc.  18 Stat. 470, 472.

At the trial of the plea to the jurisdiction the plaintiff submitted various requests for instructions to the jury, but each of those requests was denied, the plaintiff duly excepting to the action of the court. One of the requests in effect called for a peremptory finding for the plaintiff; for, the court was asked to say to the jury that no fact was disclosed that authorized the jury to find that the suit was not one of which the Circuit Court

of the United States could take cognizance. The court charged the jury, and to one part of the charge the defendant took an exception.

The verdict of the jury sustained the plea and thereupon the court dismissed the suit as one that did not really and substantially involve a dispute or controversy within the jurisdiction of the court, and as one that was collusive within the meaning of the act of Congress.

A bill of exceptions was taken which embodied all the evidence introduced by each side at the trial.

We will not extend this opinion by setting out the evidence at large. Except in its special facts and circumstances this case does not differ from cases heretofore determined under the Judiciary Act of 1875. There was evidence leading to the conclusion that the Southern Realty Investment Company was brought into existence as a corporation only that its *name* might be used in having controversies that were really between citizens of Georgia determined in the Federal rather than in the state court. It did not have, nor was it expected to have, as a corporation, any will of its own or any real interest in the property that stood or was placed in its name. It was completely dominated by the two Georgia attorneys who secured its incorporation under the laws of South Dakota through the agency of a South Dakota lawyer, who, in a letter to one of the Georgia attorneys, claimed that his office had within three years secured nine hundred and eighty-five (985) charters under the laws of that State for non-residents, and part of whose business was to "furnish" South Dakota incorporators, when necessary. In short, the plaintiff company was and is merely the agent of the Georgia attorneys, who brought it into existence as a corporation that individual citizens of Georgia, having controversies with other individual citizens of that State might, in their discretion, have the use of its corporate name in order to create cases apparently within the jurisdiction of the Federal court. It had, it is true, a president and a board of directors—all of whom were citizens of Georgia—two of the five directors being

the Georgia attorneys, and one being the female stenographer of such attorneys—but the president and a majority of the directors were the holders each of only one share of donated stock, and recognized it to be their duty to represent the Georgia attorneys and to obey, as they did obey, their will implicitly. The company, in respect of all its business, was the agent of those attorneys to do their bidding. Its president testified that he did not know for .what purpose the company was really organized, or that it had ever done any business except "as to the bringing of these suits," or that it had any money. Its place of business in Georgia was in the office of the Georgia attorneys. Its pretended place of business in South Dakota was in what is called a domiciliary office, maintained by the attorney in that State who procured its charter. In the latter office there could have been found, no doubt, a desk and a chair or two, but no business. The company's president never knew of its doing any business in South Dakota. As a corporation the Southern Realty Investment Company must be deemed a mere sham. It has, in fact, no property or money really its own and it was not intended by those who organized it that it should become the real owner of any property of its own in South Dakota or elsewhere. It is, as already stated, simply a corporation whose name may be used by individuals when they desire for their personal benefit to create a case technically cognizable in the Federal court. Those individuals, using the name of a corporation for the benefit of themselves and their clients, citizens of Georgia, seem to be the real parties in interest in every transaction carried on in the name of the corporation.

The present case is controlled by the decisions of this court in *Williams* v. *Nottawa*, 104 U. S. 209, 211; *Morris* v. *Gilmer*, 129 U. S. 315, 328; *Lehigh Mining & Mfg. Co.* v. *Kelley*, 160 U. S. 329, 336 *et seq.*, and *Miller & Lux* v. *East Side Canal & Irrigation Co.*, 211 U. S. 293. The case is one in which it was the duty of the court, under the act of 1875, not to proceed. No error of law was committed at the trial to the substantial prejudice of the plaintiff. The charge to the jury fairly covered the issue

made by the plea, and was not liable to any valid objection. The judgment must be affirmed.

*It is so ordered.*