## 9322

BULTMAN *ET AL.* v. ATLANTIC COAST LINE R. CO.

(88 S. E. 279.)

1. RAILROADS—FIRES—ACTIONS—DEFECT OF PARTIES.—A railroad company fired lands after one of the plaintiffs had entered in contract to purchase the same. Thereafter the property was conveyed with an assignment of any right to recover damages, and on plaintiff's conveyance of a portion of the premises he assigned to his grantee the right to recover a portion of the damages. *Held*, that where plaintiff and his grantee joined in an action for the damages, there was no defect of parties.

2. RAILROADS—FIRES—RIGHTS OF ACTION.—As Civ. Code 1912, sec. 3226, declaring that a railroad company shall be responsible to any person whose property may be injured by fire communicated by its locomotive, merely extended the common law liability of a railroad company, but was not highly penal, the right of action was not necessarily limited to him who was the owner at the time of the fire, so as to preclude assignment.

3. ASSIGNMENTS—ACTIONS—RIGHT TO ASSIGN.—In view of Civ. Code 1912, sec. 3963, declaring that causes of action for injuries to property shall survive both to and against the representatives of deceased persons, and despite Code Civ. Proc. 1912, sec. 160, declaring that such section shall not be deemed to authorize an assignment of a thing in action not arising out of a contract, a right of action

against a railroad company under Code of Laws, sec. 3226, for firing premises may be assigned.

4. RAILROADS—FIRE—ACTIONS—OWNER.—While, to recover under Civ. Code 1912, sec. 3226, making a railroad company liable for firing property by means of its engine, plaintiff must show his ownership, and a mere oral statement that plaintiff is the owner of the land is insufficient, proof that plaintiff held a binding contract for the purchase of the land is sufficient to establish his ownership, such person being the equitable owner, though not holding the legal title.

Before PRINCE, J., Marion, Spring term, 1915. Reversed.

Action by F. A. Bultman and another against the Atlantic Coast Line Railroad Company. From a judgment for defendants, plaintiffs appeal.

The exceptions were as follows:

Because his Honor erred in granting an order of nonsuit.

(1) In that it appears from the evidence that the plaintiffs, or at least one of them, were under a binding contract to purchase the premises in question before the injury to the same; that they could, under their legal rights, either take the premises subject to an abatement from the purchase price by reason of the injury, or pay the full purchase price and become the owners of the premises together with the injury; and, having elected to pay the full purchase price and having by the terms of their deed become the owners of the injury and the real parties in interest, it was error on the part of the presiding Judge to grant an order of nonsuit on the grounds set forth in defendant's motion.

(2) In that the history of all transactions in regard to the premises was set forth in precise terms in the complaint; and any defect of parties, if there were such defect, appeared

FOOTNOTE.—As to right of vendee in actual possession to maintain an action for injury to real property, see notes in 30 L. R. A. (N. S.) 231, and 26 A. & E. Ann. Cas. 1913a, 1295. As to assignability of cause of action for destruction of property by fire, see notes in 20 A. & E. Ann. Cas. 259, and 29 A. & E. Ann Cas. 1913d, 929.

upon the face thereof; and no objection having been taken by way of answer or demurrer, any defect of parties must be held to have been waived, and it was error on the part of his Honor not to so hold and to grant relief on a motion for nonsuit.

(3) In that it appeared from the pleadings and the evidence that the cause of action, based upon injury to real property, had been duly assigned to the plaintiffs, whereby they became the owners of the cause of action and the real parties in interest; and it was error on the part of his Honor to hold that such cause of action was nonassignable, and on such holding to grant an order of nonsuit.

*Messrs. Lee & Moise* and *M. C. Woods,* for appellants, cite: *As to effect of contract to sell on right of action:* 93 S. C. 229. *Defect of parties plaintiff:* Code Civ. Proc. 165, 194, 197, 198; 12 S. C. 137; 47 S. C. 64; 54 S. C. 203; 72 S. C. 41; 65 S. C. 105; 69 S. C. 40; 53 S. C. 79; 78 S. C. 430; Pomeroy, Code Rem. (4th ed.), pars. 123, 124. *Is right of action based on injuries to real property assignable?* 2 Vernon 595; 1 Vesey, Sr. 331; 9 Simon 327; Civil Code 2859 and 3963; 44 L. R. A. 180; Ann. Cas. 1913d, 929; 71 S. C. 95; 20 S. C. 123, 139; 67 S. C. 114; 38 Cyc. 463; 171 Ill. 100; 49 N. E. 222; 44 L. R. A. 177; 25 How. Pr. 285; 12 S. E. 799; 55 Iowa 582; 8 N. W. 437; 3 Pom. Eq. Juris. 283.

*Messrs. L. D. Lide* and *Henry E. Davis,* for respondent. The former cites: *As to real party in interest:* Code Civ. Proc. 160. *Right of action given only to owner of property:* Civil Code, sec. 3226; 40 S. C. 517; 45 S. C. 312. *Survival of action:* Civil Code, sec. 3963; 20 Ann. Cas. 255; 54 Kan. 755. *Subrogation:* 76 S. C. 101; 37 Cyc. 373, 374, 394; 34 S. C. 377; 20 S. C. 123. *Defect of parties:* 72 S. C. 39; 12 S. C. 592.

March 10, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action against a railroad company for damages which were caused by a fire communicated to plaintiff's lands by a locomotive engine. The Court directed a nonsuit, and the plaintiff has appealed.

The fire occurred in May, 1911. At that time Mullins had legal title to the land, but in April, 1911, she had contracted with Bultman to sell the same to him, and pursuant to that contract she conveyed the land to Bultman in November, 1911. And in December, 1911, Bultman conveyed an undivided one-third interest in the title to McCutchen. In the deed from Mullins to Bultman there was an assignment of the grantor's interest in the fire claim; and in the deed from Bultman to McCutchen there was a like assignment of a one-third interest in the fire claim.

The Circuit Court held: (1) That the proof of the foregoing facts did not constitute plaintiffs, or either of them, legal owners of the land, and the plaintiffs did not come within the terms of the statute (section 3226); and (2) that the fire claim was not assignable, and the plaintiffs took no interest under the deeds of assignment. And those are the two issues now to be determined.

The three exceptions will be reported, and they make the issues. They need not be considered in terms or by number.

1. We think there is no defect of parties plaintiff, in fact or apparent on the face of the complaint. If the plaintiffs may not recover, it is not because they were defective *parties,* but because the law confers no *right* upon them. That defense may be made by demurrer or by motion for a nonsuit. The Circuit Court was, therefore, right to consider the issue made by the defendants at the close of the plaintiffs' testimony, to wit, that the plaintiffs proved no cause of action.

2. It is true that section 3226 of the Code of Laws declares that the defendant—"shall be responsible in damages to any person * * * whose * * * property may be injured by fire communicated by its locomotive engines."

Such liability existed at common law before the statute, and it exists, therefore, not "solely by virtue of this statute." The statute only supplemented the common law liability, by making the liability not to depend on the negligence of the railroad corporation. If, therefore, torts to real property may generally be assigned—which question shall be considered hereinafter—there are no words in section 3226 to make the torts to real estate there referred to an exception to the rule. It is true section 3226, the fire statute, does confer a right of action on those persons "whose property may be injured by fire." There was such a right before the statute. Before the fire statute no person had a cause of action for any injury to land unless the person had a property in the land. The same is true under the fire statute.

The argument of the appellant is that because the statute is "highly penal" in its nature, the right conferred by it is only on him who was "owner" at the event, and *Mayo* v. *Railroad,* 40 S. C. 517, 19 S. E. 73, is cited for authority. We think there is no warrant to say the statute is "highly penal." The legislature saw that there was a great peril to property from the constant emission of burning cinders from fast-moving locomotive engines. The legislature, in the first instance, permitted the operation of such machines; and, in the second instance, it made the machines responsible for those results which experience showed were bound to follow the operation in spite of care. The fire statute does not use the word "owner." It would be a narrow and strained construction of the statute to conclude that he who was owner at the fire, and he alone may prosecute the claim for damages from fire. We think the then owner of real estate might sue, and that the right survives to another than

him, either by his assignment to another, or by an assignment under the operation of law.

3. If the plaintiffs' right to sue be rested solely on the assignment to them of the thing in action, the tort by burning, the issue made by the appeal is that such a thing in action may not be assigned. It would be fruitless to discuss what was the rule of the common law in like cases. Modern statutes have preserved rights which the old Judges deemed to have died with those who suffered personal wrongs, or to have been lost when property which abided the injury was alienated before action. The statutes do not in terms declare that such rights are assignable, but that they survive. But the rule of law is that, if alive, then they are capable of assignment. 5 Corpus Juris., page 886; 2 R. C. L., page 613.

The acts of 1892 and 1905, codified at section 3963 of the Code, are comprehensive. They plainly declare that causes of action for injuries to real estate shall survive. And if section 160 of the Code of Procedure does not authorize, and, therefore, prohibits, the assignment of a thing in action not arising out of contract, then that section was modified by section 3963 of the Code of Laws, for that section declared that such things in action shall survive, "any law or rule to the contrary notwithstanding;" that is to say, notwithstanding the contrary Code rule.

The assignability of a cause of action arising out of injury to real estate was recognized in *Ex parte Hiers,* 67 S. C. 108, 45 S. E. 146, 100 Am. St. Rep. 713, and if the exact question was not involved in that case, yet the correct rule of law was stated. There is no sound reason for any other rule. If such a right may not be assigned, then in a case like that at bar a wrongdoer escapes responsibility upon a fiction.

4. The last postulate of the appellant is that:

"It was incumbent on the plaintiffs to prove that

they were the *legal owners* of the land in question at the time of the fire." (Italics supplied.)

The fire statute does not so declare. It gives the right to the person *whose property* is injured by fire, so that the inquiry is this, at the date of the fire was the land Bultman's *property?* It is true it has been held that a person suing under the fire statute must prove his right by competent testimony, and not by a merely oral statement, that he is owner of the land. *Mayo* v. *Railroad,* 40 S. C. 517, 19 S. E. 73. And it is true that a right of property in land must, in the first instance, be generally evidenced by paper writing, or by presumption of such writing, or by adverse possession, or by some such testimony as is required by law to prove a right of property in land. Property in land and legal title to lands are not always convertible terms. Title and legal title have not the same meaning. The right or title may be equitable, yet it is of as high a nature as if it were legal. A substantial right, intended to be conferred by statute, ought not to be defined away by verbalism. The real inquiry is, was the land Bultman's property when the fire burned over it, and was he injured? Bouvier defines property to be "the right and interest which a man has in lands and chattels." Blackstone thought the origin of property is founded in nature. 1 Blackstone 138. Other masters of the law have differed with him. Holmes, Common Law 214; Maines, Ancient Law 281. Whatever be the origin of property, the plain right of it does not depend on nice words. This statement of the law is made in the books:

"The term (property) includes every right, title, estate, or interest (in land), whether legal or equitable, perfect, or imperfect, inchoate or complete, and rights which lie in contract, whether executory or executed." 32 Cyc. 649.

It was stated by Marshall, C. J., in *Soulard* v. *United States,* 4 Pet. 512, 7 L. Ed. 938, that:

"The term 'property,' as applied to lands, comprehends every species of title inchoate or complete. It is supposed

to embrace those rights which lie in contract, those which are executory, as well as those which are executed."

When Bultman and Mullins made a contract, the one to buy and the other to sell, then the land became in equity that of Bultman, and the price became in equity that of Mullins. Pomeroy's Eq., sec. 406; *Landrum* v. *Hatcher,* 45 S. C. L. (11 Rich. 54), 70 Am. Dec. 237. The essential inquiry here, and in every such case is this, has the person demanding compensation certainly proved by competent testimony that his property has been injured? We are of the opinion, therefore, that independent of the plaintiffs' title by the assignment of a right of action, the plaintiff, Bultman, at the date of the fire, had such a property in the land as to entitle him to sue for the injury to it.

The judgment below is, therefore, reversed, and the cause is remanded for a new trial.

It is so ordered.

Mr. Justice Fraser, being disqualified, did not sit in this case.