## VENICE HUNTING & TRAPPING CO., Inc., v. SALINOVICH et al.

(Circuit Court of Appeals, Fifth Circuit. December 7, 1926.)

No. 4807.

1. **Courts ⬤=314—Suit to enjoin trespass on lands of foreign corporation, organized by local citizens, held within jurisdiction of federal courts.**

Suit to enjoin trespass on lands of foreign hunting and trapping corporation, organized by local citizens, *held* within jurisdiction of federal courts.

2. **Appeal and error ⬤=1177(6)—On reversing decree for defendants, case will be remanded for decision on matters not decided by trial court.**

On reversing decree for defendants in suit to enjoin trespass, case will be remanded for decision on application for preliminary injunction, ownership of lands, and alleged trespass, not decided by trial court.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Suit by the Venice Hunting & Trapping Company, Inc., against George Salinovich and others. Decree for defendants (10 F. [2d] 222), and plaintiff appeals. Reversed and remanded.

John Dymond, Jr., and A. Giffen Levy, both of New Orleans, La. (Dymond & Levy and Maurice Fourcade, Jr., all of New Orleans, La., on the brief), for appellant.

Leander H. Perez, of New Orleans, La., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case appellant, a corporation organized under the laws of Delaware, filed its bill seeking interlocutory and final injunctions against appellees, to prevent their trespassing on certain lands in the parish of Plaquemines, Louisiana.

[1] The District Court sustained a motion to dismiss the bill for want of diversity of citizenship, on the grounds that the incorporators were the true parties in interest and citizens of Louisiana, as are the appellees, and that the corporation was organized for the purpose of perpetrating a fraud upon the jurisdiction of the court. The case is in all respects similar to that of Rojas-Adam Corporation v. Young et al. (C. C. A.) 13 F.(2d) 988, recently decided, and is ruled by that decision.

[2] However, the District Court did not pass upon the application for a preliminary injunction, and a question is raised as to the ownership by appellant of some of the lands sought to be protected by injunction. That question, and other questions as to the alleged trespass, should be decided by the District Court.

The judgment appealed from will be reversed, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.