13430

PERRY v. ATLANTIC COAST LIFE INS. CO.

(164 S. E., 753)

272

*Messrs. D. W. Robinson* and *D. W. Robinson, Jr.,* for appellant,

*Mr. C. T. Graydon,* for respondent,

June 14, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The order of the Circuit Judge, sustaining the demurrer in this cause, sufficiently states the facts alleged in the-complaint. It will be reported, and, in our opinion, must be affirmed. In addition to the authorities cited in the order, see the recent case of *Black v. Kirkland Seed Company,* 163 S. C., 222, 161 S. E., 489.

It appears, under the decisions of our Court, that attorneys have little protection in the matter of collecting compensation due them in cases where they are employed on a contingent basis, and impecunious plaintiffs in such cases have a great advantage over their lawyers. If a lawyer beats a client out of money, the client can apply to the Courts and the bar association of the State for redress, even to the extent of the suspension or disbarment of the lawyer. If a client, who cannot be made to respond to a judgment, beats the lawyer out of his fee, the lawyer usually has to "grin and bear it."

The lien of a lawyer extends only, it seems, to papers of the client in his possession, and these papers, generally, have little value in the matter of collecting fees. Under our statutes, many liens of real value have been given. Landowners have liens over crops and other personal property for rent. Sellers of goods have liens over them for the purchase money. One injured in person or property by an automobile or airplane has a lien over the machine for the damage done. A common carrier has a lien on goods transported by it for freight charges. Employees in certain manufacturing establishments have liens on the output for their wages. Mechanics of almost every class have liens for their labor. Even the owner of a stock horse, jack, bull, boar, or ram has a lien on the issue of the female animal for the amount of the claim for services rendered.

With a strong bar association in this State for many many years, and with the powerful influence lawyers have had in the General Assembly, it seems somewhat strange and singular that so little has been done, or attempted to be done,

to protect attorneys in the collection of fees and compensation they are entitled to receive for their professional services. Perhaps the failure of lawyers, under the circumstances, to secure better protection for themselves, while so often seeking to protect other people in their rights, is to the great credit of the legal profession. From decisions we have read, it appears that some states, including Georgia, New York, and Tennessee, have statutes which give attorneys protection, and these enactments appear to us to be just and reasonable.

The order appealed from is affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. S. W. G. SHIPP, ACTING ASSOCIATE JUSTICE, concur.