14359

ELLIOTT *ET AL.* v. WILSON

(187 S. E., 825)

Before Stoll, J., Clarendon. July, 1935.

*Messrs. M. C. Woods* and *Dinkins & Stukes,* for appellant,

*Messrs. Charlton DuRant* and *N. B. Barnwell,* for respondents,

October 13, 1936.

The opinion of the Court was delivered by Mr. Justice Fishburne.

Upon further careful consideration of the issues involved in this case—a rehearing having been granted—the Court is satisfied that the conclusions reached in the opinion written by Chief Justice Stabler are correct; the Court, therefore, adheres to its former opinion and the judgment pronounced therein. That opinion is as follows:

The plaintiffs sued the defendant for damages alleged to have been sustained through the destruction of certain real and personal property by fire communicated from the right of way of the railroad company. Two causes of action were

stated, the first under Section 8362 of the Code of 1932, and the second based upon negligence, willfulness, and recklessness. The delict charged is set out in the complaint as follows: "That in the town of Summerton said railroad track ran very near the planing mill of plaintiffs and on the 5th day of January, 1935, the defendant, by his authorized agents placed two fires within the limits of the right-of-way of said railroad and very near said planing mill to which fire was carried and communicated by a high wind blowing toward said building, as a result of which fire the said planing mill, a garage, warehouse, lumber sheds, oil house and the contents of said buildings and property on the mill yard adjacent thereto, including trucks, tracks and equipment and a large amount of lumber, laths, shingles, supplies and similar property, were damaged or destroyed—to the damage of plaintiffs in the sum of twenty-five thousand ($25,000.00) dollars."

The answer was a general denial of all the allegations of the complaint except as to the existence of the railroad company and its operation by Wilson as Receiver. On trial the Court granted defendant's motion as to punitive damages, but this was done in the absence of the jury, and they were not made aware of the order or instructed thereabout. A general verdict for $12,500.00 was found for the plaintiffs, and the defendant appeals from judgment entered thereon and from an order refusing a new trial.

Appellant's counsel treat the first three exceptions as raising the following questions: "When a plaintiff alleges ownership only of property, and defendant denies the allegation, thereby putting plaintiff to proof, may a plaintiff suing a railroad company for damages to buildings and other real estate by communicated fire (a) prove his title thereto by parol;" and (b) is he, in such case, entitled to recover damages "upon mere proof of his possession of such property?"

Counsel for the respondents state the question to be: "Was the evidence that plaintiffs were in actual possession

of the lands and buildings and had held such possession for nine years competent, and, if so, was it sufficient in a case of this character, when considered in connection with defendant's testimony, to sustain the allegations of ownership in the complaint so as to require the submission of the case to the jury?"

We quote here part of Section 8362 of the Code: "Every railroad corporation shall be responsible in damages to any person or corporation whose buildings or other property may be injured by fire communicated by its locomotive engines, or originating within the limits of the right of way of said road in consequence of the act of any of its authorized agents or employees."

This Court has held that this section embraces any kind of property, real or personal, which may be injured by fire (*Dent v. South-Bound Railroad Company*, 61 S. C., 329, 39 S. E., 527); and "only supplemented the common-law liability, by making the liability not to depend on the negligence of the railroad corporation" (*Bultman v. Atlantic C. L. Railroad Company*, 103 S. C., 512, 88 S. E., 279, 280); that in order for a person to recover under this statute, he must show that he has a property right or interest, which may be either legal or equitable, in the buildings or other property injured or destroyed by the fire (*Bultman case, supra*); that the action is in the nature of trespass, *quare clausum fregit*, which is an action against possession; and if the plaintiff be in the actual possession of the premises, he can maintain the action without title, but "if his possession be constructive, and not actual, he cannot maintain it without proof of title" (*Johnson v. McIlwain*, Rice, 368, 375); that while "possession is *prima facie* evidence of title" (*McColman v. Wilkes*, 3 Strob., 465, 473, 51 Am. Dec., 637), where plaintiff alleges that the land over which the fire spread belonged to him, and this allegation is denied by the defendant's answer, he is to put "to the proof of this title" (*Busby v. Florida Cent. & P. Railroad Company*, 45 S. C.,

312, 23 S. E., 50, 51); but where both title and possession are alleged in such an action, it is only necessary to prove possession, unless the defendant shows title in himself or license from one proved to be the true owner (*Beaufort Land & Investment Company v. Lumber Company,* 86 S. C., 358, 68 S. E., 637, 30 L. R. A. (N. S.), 243); and that where plaintiff, under the pleadings, as where he alleges only ownership, is put to the proof of his title, he must show such ownership by competent testimony; he "cannot establish his right to recover by the mere oral statement that he is the owner of the land" (*Mayo v. Spartanburg, U. & C. Railroad Company,* 40 S. C., 517, 19 S. E., 73).

In the case at bar, the plaintiffs, as we have seen, alleged only ownership of the property destroyed by the fire; there was no allegation of possession. Over defendant's objection, however, the trial Judge admitted testimony to the effect that the property was in the possession of the Elliott Lumber Company, a partnership owned by the plaintiffs, at the time of the fire, and had been for about nine years prior thereto. There was testimony also that the lumber company claimed the property as its own.

It seems clear, applying the legal principles stated above, that the respondents could have maintained their action by alleging merely that they were in actual possession of the property at the time it was damaged or destroyed. Having alleged ownership instead, however, which was denied by defendant's answer, they were put to proof of their title by competent testimony. The real question, therefore, is: Was the testimony offered by the plaintiffs to show possession competent on the issue of ownership; and, if so, did it, when taken in connection with the testimony for the defendant, that the respondents had returned the property for taxation, require the submission of the case to the jury on the question of title?

Certainly, the mere oral statement of the respondents that they claimed the property did not establish their right to recover, as title could not be proved in that

way. *Mayo case, supra.* As to the question of the admission of the testimony showing possession by the respondents, it is clear that if the complaint had alleged that the plaintiffs were in actual possession of the property at the time of the fire, with or without allegations of ownership, testimony was admissible to prove such possession, and that would have been sufficient without proof of title. *Beaufort Land & Investment Company v. Lumber Company, supra.* But as possession was not alleged, the question is whether testimony was admissible to show possession, not for the purpose of recovering on that basis, but as evidence on the issue of ownership. As possession is *prima facie* evidence of title, we think that the testimony was admissible on that issue, but we are of opinion it was not of such probative value, standing alone, or even when considered with the testimony offered by the appellant with regard to the return by plaintiffs of the property for taxation, as required or warranted the submission to the jury the question of ownership. This assignment of error, therefore, is sustained.

The appellant also complains of the failure of the trial Judge to instruct the jury not to consider punitive damages. We think the error was harmless. He told them that "in estimating damages, if you find that the plaintiffs are entitled to damages, the jury can consider the fair cash market value of the property that was destroyed or damaged by the fire, if sold in the market under ordinary circumstances, for cash, and assuming that the owners are willing to sell and that a purchaser is willing to buy. That is the test by which you estimate the value of the property under such circumstances."

The jury, as intelligent men, could not have possibly misunderstood, under the charge as made, just what damages they were permitted to award the plaintiffs, if any, and what the measure of such damages was.

The Court refused to permit the sheriff of Clarendon County, a witness for the defendant, to testify that he had offered the property in question for sale un-

der tax executions against the Elliott Lumber Company and had received no offer for its purchase whatever. The appellant argues that this was error. We are of opinion, however, that the testimony sought to be brought out was of no probative worth as showing the market value of the property, and in the admitted circumstances was properly rejected by the Court.

The plaintiff offered testimony fixing the value of the real property destroyed at $20,000.00, and that of the personalty at $10,000.00. The evidence as to the ownership of the personal property, about which there is no contention, properly sent to the jury the question of its value and the loss sustained by its owners. But as the verdict was in a lump sum, this Court has no way of knowing how much of it was awarded by the jury for personalty destroyed and how much for real property. This makes necessary a new trial on the whole matter.

The judgment of the Circuit Court, therefore, is reversed, and the case remanded for a new trial, with leave to the plaintiffs to amend their complaint, within ten days after the filing of the remittitur in the office of the Clerk of Court for Clarendon County, if they be so advised.

MR. CHIEF JUSTICE STABLER, and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate.