CABLE & OTHERS, Defendants in Error, *vs.* THE ST. LOUIS MARINE RAILWAY & DOCK CO., Plaintiff in Error.

1. A boat was lost by the negligence of a Dock Company. There was an insurance upon three-fourths of the boat, and the part insured was abandoned to the underwriters, and the abandonment accepted by them. *Held,* under the practice act of 1849, a suit against the Dock Company for the entire value of the boat was properly brought in the name of the owners at the time of the loss.

2. The provision in the new practice act that suits shall be brought in the name of the real party in interest, does not apply where part of a cause of action only is assigned. In such case, suit for the whole must be brought in the name of the original owner.

*Error to St. Louis Court of Common Pleas.*

This was an action by the owners of the steamboat James Hewitt, to recover damages for the sinking of said boat by the negligence of the defendant.

At the trial, there was evidence tending to show that, at the time of the loss, there was an insurance upon three-fourths of the boat, and that immediately afterwards, and before the commencement of this suit, the interest insured was by the plaintiffs abandoned to and accepted by the underwriters.

The defendant asked the court to instruct the jury that, in respect to the interest abandoned, the right of action was in the underwriters alone, and that they should have been joined as plaintiffs ; and that, in any event, the plaintiffs could not recover more than one-fourth of the value of the boat. These instructions were refused, and after a verdict and judgment for the plaintiffs for the value of the boat, the defendant appealed to this court.

*T. T. Gantt,* for plaintiff in error. 1. The abandonment operated as an assignment to the underwriters of all the interest of the plaintiffs in the subject insured. (2 Phillips on Ins. (3d ed. of 1853,) §1711, 1712, and cases there cited.) 2. It cannot be presumed that the plaintiffs are trustees for the underwriters, and besides, there is no allegation of such a trust in the petition.

*John A. Kasson,* for defendants in error, insisted that the provision in the code of 1849 that suits shall be brought in the name of the real party in interest did not apply to a case like this, where the cause of action had become divided ; that the legal title or claim to the damages was still in the plaintiffs, and a part of the equitable claim, and that therefore the whole action might be sustained in their names.

SCOTT, Judge, delivered the opinion of the court.

All other questions in this cause have been abandoned except that in relation to the right of the plaintiffs to maintain this action for the entire value of the boat.

There can be no doubt but that the plaintiffs would have been the proper parties to institute this action for the entire sum claimed, had it been brought under our former system of practice. Though there had been an abandonment of the subject

insured, and that abandonment accepted by the underwriters, yet the action would have been properly brought for the full value of the boat in their names.

It remains, then, to be seen, whether, under the circumstances of this case, the action is not properly brought in the name of the present plaintiffs, notwithstanding the present practice act. It is not controverted, but is admitted, that a right of action for a portion of the damages arising from the injury to the subject insured, is in the plaintiffs, and that they have a right to recover the value of one-fourth part of the boat, which was lost through the alleged negligence of the defendant.

Now, is there any thing in the present practice act which affects or in any way impairs the rule of the common law against dividing a cause of action, or making two causes of action out of one contract or injury by a division of it. The endorsee of a bill of exchange is the legal owner of it, and regularly a suit upon such an instrument must be brought in his own name. But if the holder of a bill assign by way of endorsement one half of its amount, would not the action, notwithstanding the assignment, still have to be brought in the name of the holder? By our law, the assignee of a bond is the legal owner of it, and suit thereon must be brought in his name. If the obligee of a bond assign one half of the sum of it, could the assignee, although the legal owner, maintain an action in his own name for his portion of the debt? In such a case, would not the suit necessarily be brought in the name of the obligee, who would recover the full amount due on the instrument?

A cause of action arising *ex maleficio*, cannot be used as an illustration of this principle, because neither by the common law nor statute was it assignable, so as to enable an assignee to maintain a suit for the damages in his own name.

We do not consider that the provision in the present practice act, which requires actions to be brought in the name of the real party in interest, affects this principle of the common law.

Under the former practice, and even now, the legal owner of an instrument transferred by assignment must sue in his own name, yet we have seen that the legal owner of a part of a debt secured by a bond, could not maintain an action upon it. It could only be done when he was the assignee of the entire debt. So the statute requiring the real party in interest to sue, should be construed in reference to the principle of the common law above stated, and must be limited to those cases in which the real party in interest possesses the entire cause of action. The original owner of a cause of action cannot, by parting with a portion of his interest in it, give a right of action to his assignee, neither by the common law nor by any thing contained in the present act regulating practice in the courts of justice.

We do not wish to be understood as expressing any opinion as to the manner in which the suit should have been brought had the entire boat been insured by the owners, and they indemnified by their policy.

The other judges concurring, the judgment will be affirmed.