10253

EVANS *ET AL.* v. WATKINS *ET AL.*

(100 S. E. 153.)

1. Parties—Substitution of Assignee on Assignment After Suit Allowed.—The cause of action being assignable, nonsuit should not be granted because of assignment after commencement of action, but, under provision of Code Civ. Proc., 1912, sec. 170, substitution of assignee should be allowed.

2. Assignments—Rights of Action for Injury to Property Assignable.—Right of action for injury to property is assignable.

Before Memminger, J.; Chesterfield, Fall term, 1917. Reversed.

Action by H. F. Evans against Robert Watkins and another. From a judgment granting a nonsuit, and refusing substitution of Frank Lewellyn as plaintiff, plaintiff and Lewellyn appeal.

*Messrs. Hanna & Hunley,* for appellant, submit: *It is no defense to an action that since its commencement it has been assigned:* 4 Cyc. 99, and cases cited thereunder. *Right of action may be enforced in the name of assignee—an order for substitution of assignee was proper:* 13 S. C. 491. *Nonsuit should not have been granted:* 28 S. C. —; 13 S. C. 491; 18 S. C. 311.

*Messrs. J. A. Knight* and *Pollock & Pegues,* for respondents.

August 25, 1919.

The opinion of the Court was delivered by Mr. Justice Hydrick.

The plaintiff, Evans, brought this action against the defendants to recover damages for injuries done to his mule, which was struck by an automobile, owned by the defendant, Mary Watkins, and driven by the defendant, Robert Watkins, and plaintiff attached the automobile, under

the provisions of the act of 1912 (27 St. at Large 737). Defendants admitted the injury, but alleged that it was caused by the negligence of Frank Lewellyn, who had charge of the mule at the time.

At the trial Lewellyn was examined as a witness for plaintiff, and, on cross-examination by defendants, he was allowed to testify, over objection of plaintiff, that he had paid plaintiff for the mule, and that the cause of action for damages had been assigned to him, after the commencement of the action and before the trial. Evans had not informed his attorneys of the assignment to Lewellyn. Upon the fact being brought out at the trial, defendants moved for a nonsuit, and Evans and Lewellyn moved for an order substituting Lewellyn in place of Evans as plaintiff. The Court granted the nonsuit and dismissed the complaint.

This was error. The motion to substitute should have been granted. Section 170 of the Code of Civil Procedure provides: "No action shall abate by the death, marriage, or disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue."

Then follows provisions relating to the case of death, etc., and the section continues: "In case of any other transfer of interest, the action shall be continued in the name of the original party, or the Court may allow the person to whom the transfer is made to be substituted in the action."

The right of action being an injury to property, was assignable (*Montgomery v. Kerr,* 1 Hill 291; *Miller v. Newell,* 20 S. C. 123, 139, and cases cited at top of page 140, 47 Am. Rep. 833; 4 Cyc. 24), and the substitution prayed for should have been granted.

Judgment reversed.