## 11963

### STEWART v. CITY COUNCIL OF CHARLESTON

#### (132 S. E., 678)

1. MUNICIPAL CORPORATIONS.—Municipal corporations are not liable in tort except as provided by statute.

2. MUNICIPAL CORPORATIONS—COMPLAINT, ALLEGING CITY'S EMPLOYEE WAS INJURED WHEN EXCAVATING ON STREET BY SIDES OF EXCAVATION CAVING IN, HELD NOT TO STATE CAUSE OF ACTION (CIV. CODE 1922, § 4478).—Allegations of complaint, in action against city for injuries, stating that plaintiff, while in city's employ, was injured when excavating on street by reason of side of excavation caving in, and alleging failure to provide safe place for him to work on public street, *held* not to state cause of action within Civ. Code 1922, § 4478, authorizing recovery for defects in streets or bridges occasioned by neglect or mismanagement of city.

Before MEMMINGER, J., Charleston, May, 1924. Reversed.

Action by Frederick C. Stewart against the City Council of Charleston. From an order overruling a demurrer to the complaint, defendant appeals.

*Mr. John I. Cosgrove,* for appellant, cites: *State not liable for tort of servant in absence of statute:* 128 S. E., 176; 117 S. C., 251; 20 S. C., 218. *No distinction proper between the private and governmental function of municipal corporation:* 89 S. C., 518. *Scope of statute rendering municipal corporations liable for defects in streets:* 117 S. C., 251; 43 S. C., 398. *Municipality held liable for injury to employee:* 104 S. C., 116; 58 S. C., 413. *Same; where employee was repairing street:* 127 S. C., 251. *Municipality not liable for tort of servant under principle of respondeat superior in absence of statute:* 119 S. C., 869.

April 19, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an appeal from an order of his Honor, Judge Memminger, overruling a demurrer to the complaint. The plaintiff, who was an employee of the City of Charleston, brought this action against .the city for injuries alleged to have been received by him while working at the bottom of an excavation in the roadway of one of the streets of the city, by the caving in of the sides of the excavation upon him.

The complaint states, in part:

"That on or about the 24th day of February, 1924, the plaintiff was in the employ of the defendant as a laborer, and, in the course of his said employment and acting under the instructions and directions of the said defendant and its superintendent and representative in charge of certain excavation work then being done by and under the management and control of the said defendant on Queen Street, one of the public streets of the City of Charleston, the said plaintiff was working at the bottom of an excavation about nine feet deep in the roadway of Queen Street aforesaid, at or near its intersection with ·Meeting Street, another public street of the said City of Charleston; that while the plaintiff was at his work, at the time and place aforesaid, suddenly and without warning the side of the said excavation caved in and fell upon the plaintiff, who was working at the bottom thereof, causing the plaintiff's nose to be broken and his forehead and .face horribly mangled and mutilated, so that the plaintiff was made sick and ill and suffered, and continues to suffer, great physical and mental pain and anguish, and was permanently scarred, maimed, and mutilated; that the said injuries to the plaintiff were caused by defects in the said street and by the negligence and mismanagement of the said defendant in the following particulars, to wit: (a) In failing to provide the plaintiff with a safe place in which to do his work on the said public street. (b) In failing to provide proper shoring or other safeguards in and about the said excavation on Queen Street to prevent the

sides of the said excavation from caving in. (c) In causing and requiring the said plaintiff to work at the bottom of said excavation, although the said defendant and its representative on the spot knew, or by exercise of reasonable care should have known, that the said excavation was defective and unsafe; the plaintiff having no knowledge of the unsafe character of the said excavation nor any control over the same and relying upon the duty of the said defendant to furnish him with a reasonably safe place to work."

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, "and that no liability has been created by statute under the facts stated in said complaint." The Circuit Court overruled the demurrer, and the defendant appeals. The exceptions raise but a single question: Under the statute, do the allegations of the complaint state a cause of action against the City of Charleston?

It is well-settled law in this State that municipal corporations are not liable in tort except as provided by statute. Section 4478 of the Code of Laws of 1922, under which this action was brought, reads as follows:

"Any person who shall receive bodily injury, or damages in his person or property, through a defect in any street, causeway, bridge or public way, or by reason of defect or mismanagement of anything under control of the corporation within the limits of any town or city, may recover, in an action against the same, the amount of actual damages sustained by him by reason thereof. If any such defect in a street, causeway or bridge existed before such injury or damage occurred, such damage shall not be recovered by the person so injured if his load exceed the ordinary weight: Provided, the said corporation shall not be liable unless such defect was occasioned by its neglect or mismanagement: Provided, further, Such person has not in any way brought about any such injury or damage by his or her own negligent act or negligently contributed thereto."

An extended review of the cases is unnecessary.

In *Strait v. City of Rock Hill,* 88 S. E., 469; 104 S. C., 116, in harmony with previous decisions, it was held that the expression "any person" in the act includes an employee of the municipality.

In *Dunn v. Town of Barnwell,* reported in 21 S. E., 316; 43 S. C., 401, Chief Justice McIver, construing this statute, said:

"The term 'mismanagement,' as used in a previous part of the act, meant mismanagement in making repairs on the streets, so that the corporation should be held liable not only for neglect in making the repairs on the streets, but also for mismanagement of anything under the control of the corporation in making such repairs. There is nothing whatever in the act indicating an intention on the part of the Legislature to make a municipal corporation liable for any other nonfeasance or misfeasance on its part, except such as was connected with the keeping of the streets, etc., in proper and safe repair."

In *Triplett v. City of Columbia,* 96 S. E., 675; 111 S. C., 7; 1 A. L. R., 349, Mr. Justice Hydrick, clearly having in mind the entire line of cases, beginning with the *Dunn Case, supra,* in which this statute was construed, spoke of two classes of injuries coming within the statute: (1) An injury "caused by any defect in the street which interfered with or affected the use of it for legitimate street purposes"; and (2) an injury "caused by mismanagement of something under the control of the corporation while being used in the work of repairing the streets."

The Circuit Judge states in his order that he based his decision in overruling the demurrer to the complaint upon the following citation from the case of *Hiott v. Walterboro,* reported in 119 S. E., 869; 127 S. C., 251, where the Court in that case stated:

"An employee of the municipality, using the street for the legitimate purpose of repairing the same, injured by a

defect in or 'mismanagement of anything,' such as machinery, etc., under the control of the municipal corporation, is within the terms of the statute."

It does not appear, however, in the present case from the allegations of the complaint that the plaintiff, an employee of the municipality, was injured by a defect in or mismanagement of anything under the control of the municipal corporation while engaged in repairing the streets. The conclusion of the Court, therefore, is that the allegations of the complaint do not state a cause of action within the statute, and that the demurrer should have been sustained.

The judgment of this Court is that the judgment of the Circuit Court be reversed.

MESSRS. JUSTICES WATTS, COTHRAN and BLEASE concur.
MR. CHIEF JUSTICE GARY dissents.