12590

PEEPLES v. HORNIK

(146 S. E., 680)

44

48

*Messrs. H. L. Erckmann* and *Edwin J. Blank,* for appellant,

*Messrs. Hyde, Mann & Figg,* and *Stoney & McGowan,* for respondent,

February 13, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The order of his Honor, Judge Grimball, overruling a demurrer to the complaint, is entirely satisfactory to this Court, and, for the reasons stated by him, is affirmed. See *Browne v. Hammett,* 133 S. C., 446, 131 S. E., 612; *Hernlen v. Vandiver,* 145 S. C., 412, 143 S. E., 222; *Gary v. Matthews,* 148 S. C., 125, 145 S. E., 702.

The following will be reported: (1) The complaint, except paragraph 9. (2) The demurrer. (3) The order of the Circuit Court.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES BLEASE and CARTER concur.

MR. JUSTICE COTHRAN dissents.

MR. JUSTICE COTHRAN (dissenting): This case presents a very anomalous situation. There are only two stockholders of the corporation; both are directors. The corporation is in liquidation, and, under the statute, the directors become liquidating trustees. The gravamen of the complaint is that the corporation has been damaged by the wrongful conduct of one of the directors.

If, as doubtful under the statute, the liquidating trustees may sue in their representative capacities to recover an asset of the corporation, such action must be brought in the combined names of the trustees and by their joint authority. This, of course, is impossible under the peculiar situation; the alleged defaulting director will certainly not authorize an action against himself.

It would be equally impossible, for the same reason, to secure the co-operation of the defaulting director in the authorization of an action in the name of the corporation against himself. In this situation, I think that the action should have been brought by the plaintiff, Peeples, as a stockholder, *in the right* of the corporation, alleging the circumstances which made it impossible to institute the action *in the name* of the corporation.

I have very serious doubt whether the action could have been brought in the name of the trustees, even in the absence of the complicated and obstructing conditions prevailing. Section 4282 prescribes specifically the duties and powers of the liquidating trustees: "To settle the affairs, collect the outstanding debts, sell and convey the property and divide the moneys and other property among the stockholders after

paying its debts, as far as such moneys and property shall enable them." Section 4283 provides that actions may be brought "by the name of the corporation."

There is some force in the position of the Circuit Judge that the trustees were empowered under Section 356 of the Code of Civil Procedure to bring such actions, and that Section 4283 simply provided an additional remedy, in an action by the corporation; in other words, that the action might be brought by either. This would be true ordinarily, but for the fact that the statute which creates the trusteeship, specifically defines the duties and powers of the trustees, *omitting the power to sue in their own names,* a power which is specifically conferred on the corporation, which, under Section 4282, is continued, notwithstanding its insolvency, as a corporation "for the purpose of prosecuting and defending suits by or against them."

I think that it is clear that the statute intended that all such suits should be brought in the name of the defunct corporation. It is not a matter of great consequence, one way or the other, but I think that the method should be clearly outlined, so that in the future there could be no doubt.

But, passing this bar, there still remains the impossibility of a single trustee, without authority from the board as such, to institute such an action, either in his own name, or in that of the corporation. There would remain, therefore, open to the complaining stockholder, the course above indicated, a suit by him in his own name as a stockholder, but in the right of the corporation.

I think, therefore, that the demurrer should have been sustained, with leave to the plaintiff to amend his complaint conformably with the foregoing suggestion.