12842

UNITED STATES CASUALTY CO. v. STATE HIGHWAY DE-
PARTMENT OF SOUTH CAROLINA

(151 S. E., 887)

78

January, 1929.

*Attorney General John M. Daniel,* and *Assistant Attorney Generals Cordie Page* and *J. Ivey Humphrey,* for appellant,

*Mr. F. R. Hemingway,* for respondent,

February 21, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The respondent, a foreign surety company, doing business in the State, sued the appellant, State Highway Department, in the Court of Common Pleas of Williamsburg County. The cause of action was based upon allegations to the effect that certain damages were sustained by an automobile of William Foor, on account of defects in a state highway controlled, managed, maintained, and supervised by the appellant; the suit being instituted under the provisions of Act No. 189 of the General Assembly of the year 1925 entitled, "An Act to Amend Section 2948 of the Civil Code of Laws, Volume 3, Relating to Damages From Defective Highways, so as to further provide for the payment of damage or injury sustained upon the highways of the State." (34 Stats. 287). That Act was approved April 14, 1925.

Respondent's suit was instituted a few days after the passage of Act No. 1055, of the year 1928, approved March 10, 1928, entitled, "An Act to Permit the State Highway Department to be sued and naming the conditions under which suit may be instituted, and providing for compromise or settlement in certain cases." 35 Stats. 2055.

The respondent alleged settlement with Foor under the terms of a policy of insurance he carried with the respondent, and the suit against the appellant was sought to be maintained upon the principle that the respondent was subrogated to the rights of Foor against the appellant.

The appellant interposed a demurrer to the complaint on the following grounds:

"*First:* That the State Highway Department of South Carolina is an agency of the State Government and a suit against such Department is, in effect, a suit against the State in its sovereign capacity, and no action can be maintained against the State or one of its departments or governmental agencies without express legislative sanction therefor in conformity with the Constitution of the State, and this Court is without jurisdiction to hear and determine the alleged

cause of action stated in the complaint for the reason that there is no statute authorizing a suit against this Department, or creating any liability or cause of action against this Department for the acts alleged in the complaint.

"*Second:* That the statutory law of this State does not create any actionable liability on the part of the State Highway Department of South Carolina for the acts and conduct complained of in the complaint.

"*Third:* That the complaint does not show that a verified claim, giving the date, place where the injury or damage occurred and the amount claimed, has been filed with the State Highway Department as required by law.

"*Fourth:* That it appears upon the face of the complaint that the damage complained of was not due to any defect in any State Highway, or by reason of the negligent repair of any State Highway, or by reason of the negligent operation of any vehicle or motor vehicle in charge of the State Highway Department while said vehicle or motor vehicle was actually engaged in the construction or repair of any of the State highways, but that the damage complained of was sustained by reason of a contract of insurance voluntarily entered into by the plaintiff with a third party, to which the defendant was not a party and with which it was in no wise connected.

"*Fifth:* That the complaint fails to allege that the injury was not caused by the negligence of the plaintiff, or of the driver of the automobile, and does not allege that neither the plaintiff nor the driver of the automobile did not negligently contribute thereto."

The demurrer was heard by his Honor, circuit Judge Shipp, who overruled all the grounds thereof, except the fifth. He sustained the fifth ground, but allowed the respondent the right to serve an amended complaint so as to cure the defects set out in that ground of the demurrer.

From the order of Judge Shipp, the appellant, State Highway Department, has appealed to this Court. Its exceptions

properly set up the contentions that the first, second, third, and fourth grounds of the demurrer should have been sustained and the complaint dismissed.

The suit here, while against a department of the ■■ State Government, is actually one against the State itself. 36 Cyc., 915; *Monarch Mills v. South Carolina Tax Commission,* 149 S. C., 219, 146 S. E., 870.

Though the injury to the property, alleged to have been sustained, occurred while the Act of 1925, *supra,* was of force, it is clear to us, under the authorities, that the respondent, if it had any right to recover at all, could only proceed under the Act of 1928, *supra,* as that enactment superseded the Act of 1925, and became effective prior to the commencement of this suit. The Act of 1928 contains a provision that "All Acts or parts of Acts inconsistent with this Act are hereby repealed."

*"The consent of a State to be sued,* being voluntary, may be withdrawn *or modified by the State whenever it sees fit, even though pending suits may be thereby defeated;* and upon the repeal of the statute authorizing the suit, the Court in which the suit is pending can proceed no further therein." 36 Cyc., 915; *Cope v. Hampton County,* 42 S. C., 17, 19 S. E., 1018. (Italics added.)

The Act of 1928 also contains the following provisions: "That a claim giving the date, place where the injury or damage occurred, and the amount claimed must be made out, sworn to, and filed with the State Highway Department within ninety days after the alleged injury or damage. Suit, if any, must be commenced by the service of a summons and complaint, within six months from the date of the injury or damage: *Provided,* That *the time limits imposed by this Section for giving notice* and commencing suit *shall not apply in cases of injuries or damages already sustained* or claims already filed with the State Highway Department which may be compromised or settled under the provisions of Section 1 hereof." (Italics added.)

Our construction of the quoted language is that, while the time limit of ninety days for the filing of the required claim with the State Highway Department did not apply to the claim of the respondent in this case, since the injury and damage alleged to have been sustained by it occurred prior to the passage of the Act of March 10, 1928, still the respondent should have filed the proper claim with the State Highway Department before it had the right to enter the suit. It is to be noted that "the time limits imposed" were not made applicable to those cases where injuries or damages had been sustained prior to the enactment of that law, but the requirement that the claim should nevertheless be filed with the State Highway Department before the commencement of suit is positive. In other words, as to injuries suffered before the passage of the Act, there was a waiver by the State as to the time for the filing of claims, but there was no waiver of the requirement that claims as to such injuries should be filed.

The complaint in this case did not show that the claim required by the statute was filed with the State Highway Department, as required by the Act from which we have quoted, and, for that reason, the third ground of the demurrer should have been sustained.

It is our opinion, also, that the other grounds of demurrer, which were overruled by the presiding Judge, should have been sustained. In support of our view, we call attention to the following authorities:

"It is well settled that *a State cannot be sued in its own courts, or in any other, unless it has expressly consented to such suit*, except in the limited class of cases in which a State may be made a party in the Supreme Court of the United States, by virtue of the original jurisdiction conferred on such court by the constitution." (Italics added.) 25 R. C. L., 412.

"The consent of the State to be sued is *entirely voluntarily on its part, and it may therefore prescribe the cases in which*

*and the terms and conditions upon which it may be sued, and how the suit shall be conducted;* and the State can be sued only in cases, manner, place, and courts prescribed by it, and one who seeks to avail himself of such consent must pursue the remedy as it is provided by law, *and must fully comply with the prescribed terms and conditions,* and it is the duty of the courts to see that the prescribed methods of procedure are followed." (Italics added.) 36 Cyc., 913.

"That a State cannot be sued in any of its Courts without its *express consent,* which can only be given by the legislative authority, is a proposition so universally conceded as to render any argument or authority to support it wholly unnecessary." (Italics added.) *Lowry v. Thompson,* 25 S. C., 416, 1 S. E., 141, 143.

"The consent of the State to be sued must be given in *express terms or at least in terms so clear and unambiguous as necessarily to imply consent*; and it has been held that statutes authorizing suits against a state, being in derogation of its sovereignty, *should be construed strictly,* although not so strictly as to exclude a case clearly coming within their terms, for the construction should be such as to carry out the legislative intent." (Italics added.) 36 Cyc., 913.

The case of *Monarch Mills v. South Carolina Tax Commission, supra,* also has some bearing here. In that case, it was admitted that a taxpayer was entitled to certain refunds on taxes collected from it by the State Tax Commission, and the refunds were made, but the Tax Commission declined to pay interest on the money which it had erroneously collected. We sustained the commission, deciding that the interest could not be collected without specific statutory authority therefor.

Our Court has followed the rule that statutes permitting suits against a state, and especially those statutes allowing suits against towns, cities, and counties, political subdivisions of the State, for damages to property and persons, occurring

through defects in streets and highways, should be construed strictly.

In *All v. Barnwell County*, 29 S. C., 161, 7 S. E., 58, the Statute providing for suits against counties for damages occasioned through defective highways, then Section 1087 of the General Statutes, now Section 2948 of Volume 3 of the Code of 1922, was under consideration. It was held that the action for the benefit of the widow and children of the person alleged to have been killed on account of a defective highway could not be maintained because the Statute at that time did not give the right of an action of that kind.

In *Chick v. Newberry and Union Counties*, 27 S. C., 419, 3 S. E., 787, that same Statute was also strictly construed, and it was held that a flatboat at a ferry, maintained by two counties, was not a part of the public highway as the word "highway" was used in the Statute.

The Act of 1925, *supra,* by the terms of which the respondent sought to bring this suit, also has been strictly construed. See *Randal v. State Highway Department,* 150 S. C., 302, 148 S. E., 57. The very clear and interesting order of Circuit Judge Johnson in that case, sustaining a demurrer to the complaint, was approved by this Court. It was held that under the Act no liability was imposed on the State Highway Department for the death of a laborer killed while doing repair work on a highway, since the liability created by the Act was restricted to injury or damage to person or property. It was also decided in that case that the State Highway Department was not liable for the death of one of its employees because of its failure to furnish such employee a reasonably safe place in which to work; there being no statute creating such liability.

Our cases have also construed the Statute relating to actions against municipal corporations for damages occasioned by defects in streets (Section 4478, Volume 3, Code of 1922) in a very strict manner. See *Stewart v. City Council*

*of Charleston,* 134 S. C., 398, 132 S. E., 678, where Mr. Justice Stabler reviewed several of the previous decisions.

Counsel for the respondent, in his brief but very clear argument, cites several cases supporting the principle that an insurance company is subrogated to the rights of its insured against the party who occasions the loss. That principle is generally recognized in transactions between individuals. But it is not applicable here. So far as we are able to discover, none of the cited cases touch the questions at issue in this cause, for in none of them was a State, or one of its political subdivisions, a party to the litigation.

The Statute of 1928, as well as that of 1925, is one in derogation of the sovereign power of the state. Following the general tendency of our own decisions, it our duty to construe those acts so as to uphold the power of the state to refuse to be sued by a citizen in its own Courts, except in those instances where the state has *expressly* consented to be sued. It is the duty of one seeking to sue the state to show that the state has given the necessary consent. We have examined carefully both the Acts referred to, and we find no language therein which we are able to so construe as to give the respondent the right to bring this action.

In the very beginning of the Act of 1928 we find these words: "Any person, firm or corporation who may suffer injury to his or her person or damage to his, her or its property by reason of a defect in any State Highway, or by reason of the negligent repair of any State Highway, or by reason of the negligent operation of any vehicle or motor vehicle in charge of the State Highway Department while said vehicle or motor vehicle is actually engaged in the construction or repair of any of the said highways, may bring suit against the State Highway Department.  *  *  *"

The right to sue the State Highway Department, permitted by the Statute, is clearly limited to "Any person, firm or corporation who may *suffer injury to his or her person or damage to his, her or its property.*" The Statute does not

provide that an assignee of a person who has suffered damage to his property may sue the highway department. Neither is a there a provision which permits a subrogated party to enter suit for damage occasioned to the property of the person from whom the right of subrogation comes. The property alleged in the respondent's complaint to have been damaged was the property of William Foor. The complaint did not allege damage to any property of the respondent.

It is the judgment of this Court that all the grounds of the demurrer interposed by the appellant be, and the same are hereby, sustained, the order of the circuit Judge be reversed, and the complaint of the respondent be dismissed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN (concurring in result) : It seems to me clear, under the Act of 1928, 35 Stat., 2055, that a person injured in his person or property under the circumstances detailed in the Act has a cause of action against the State Highway Department for damages, that as a prerequisite to the maintenance of such an action he must file a claim therefor, with the department, within ninety days from the date of the injury, and that he must institute his action for damages within six months from the same date.

The plaintiff, an insurance company, had issued a policy to one Foor, upon his automobile, in the sum of $1,200; the car was damaged under circumstances which, it will be assumed, gave the owner a cause of action against the department, upon his compliance with the terms of the Act; the insured entered a claim against the insurance company, under his policy, but did not file a claim therefor with the department, or institute an action against it, within the times required by the Act; the insurance company paid to the owner the amount of damage, and brings this action, claiming to be subrogated to the rights of the owner against the department.

The department entered a demurrer to the complaint upon the general ground, with specifications, only two of which I think need to be considered: (1) That it does not appear from the complaint that a claim for damages was filed by the owner or by the plaintiff, within ninety days as required by the Act; (2) That the Statute which waives the immunity of the State from suit upon certain grounds does not provide for such waiver of immunity from a suit of the nature disclosed in the complaint. Both of these grounds were overruled by his Honor, Judge Shipp, in an order from which the department has appealed.

I agree with the disposition of the exception assigning error in overruling the first ground above stated, for the reasons stated in the opinion of Mr. Justice Blease. If the claim of the insurance company to subrogation could be sustained, it could only be to the cause of action which the owner of the car may have had against the department, and, the complaint containing no allegation that a claim was filed within the time required, it is fatally lacking in an essential element of a cause of action under the Act. But I do not agree with the disposition of the second ground. The fundamental error in the conclusion announced, I think, lies in the apparent conception that the Act of 1928 *created a liability* upon the department, as an agency of the State. All that it did *was to waive the immunity from suit.* The Legislature had no right to *impose a liability* upon the State for an act for which it was not legally responsible; it *did* have the right to waive the State's immunity from suit on account of an Act for the consequences of which, but for the constitutional immunity from suit, it was liable.

In the case of *Sandel v. State,* 115 S. C., 168, 104 S. E., 567, 571, 13 A. L. R., 1268, which involved a special Act permitting suit upon a claim based upon the use of impure vaccine by the board of health, a state agency, the Court said: "The Act does not create a liability which did not exist before its passage. The liability is one that is recognized by

the common law. The only obstacle that lay in plaintiff's path to the enforcement of it was the State's immunity from suit, without its consent. The Act, therefore, by giving consent, *merely provides a remedy where none existed before.*"

This ruling is confirmed in the later case of *Sandel v. State,* 126 S. C., 1, 119 S. E., 776, an *enbanc* decision.

It is so with the Act in question; it necessarily recognized the liability of the State, else it could not stand, for the reason, as stated, that the Legislature could not create a liability that did not previously exist.

Prior to the passage of the Act, there was an existing liability upon the State for the consequences of the neglect of the department, but with no remedy to the injured person for the enforcement of this liability. The Act, necessarily recognizing this existing liability, provides the missing remedy by removing the cloak of immunity which theretofore was a protection against such enforcement. There resulted a fixed liability and a fixed remedy for its enforcement.

The right of subrogation in the person who has indemnified another (with whom he has contractual relations to that effect), to recourse against a wrongdoer, is nothing more or less than an equitable assignment of the rights of the injured person against the wrongdoer.

In 25 R. C. L., it is said: "According to the great weight of authority, however, it is not essential to a complete legal subrogation that the one to whose rights another is subrogated shall make a formal assignment of securities or other rights to which the surety becomes entitled, even where subrogation is claimed to the original obligation itself. As soon as the right to subrogation arises, equity makes the assignment and hence, the right of the person entitled by no means depends on, or is affected by, the willingness or unwillingness of the creditor to transfer the security."

The controlling issue, then, is whether the owner possessing this fixed claim (if established), and the fixed remedy under the Act, had the right to assign his claim to the in-

surance company or to any one else. Under ordinary circumstances, I do not think that there could arise a question as to the right of a person who had suffered injury *to his property,* by the wrongful act of another, to assign his claim for damages against the wrongdoer, to another.

In *Miller v. Newell,* 20 S. C., 123, 47 Am. Rep., 833, the Court said: "Torts, in their effects, may be divided into two classes, to wit: those which affect injuriously the estate, real or personal, of a party, and those which cause injuries strictly personal; those which survive to the administrator and those which die with the party injured. It appears that those which affect the estate may be assigned, but those of a personal character cannot." See, also, Ex parte Hiers, 67 S. C., 108, 45 S. E., 146, 100 Am. St. Rep., 713.

In *Evans v. Watkins,* 112 S. C., 419, 100 S. E., 153, 154, the Court said: "The right of action being an injury to property was assignable"—citing *Miller v. Newell,* 20 S. C., 123. 47 Am. Rep., 833, and *Montgomery v. Kerr,* 1 Hill, 291.

But it is insisted that, because the Act does not give the assignee of a claim by the owner against the department the right to sue, under the rule of strict construction, he does not come within its protection. I think that this is an exceedingly narrow and unjustified contraction of the purpose of the Act, which evidently was that the department should be held responsible for the consequences of its delicts. But, aside from this, when the State invests one of its citizens with a fixed right and a fixed remedy, it follows necessarily that it intended to invest him with every incident of those rights, one of which is the right to assign them.

If there had been no insurance upon the car at all, and the owner, after the destruction of his car, by reason of the negligence of the department, would assign his claim against the department to a bank as collateral to a loan with which to buy another car, or to a dealer in the purchase of such, could it be successfully contended that the assignee had no

cause of action against the department because he was not mentioned in the Act?

And there *was* insurance upon the car in the present instance, can it rightfully be held that the owner's acceptance of the insurance canceled the statutory responsibility of the department? That conclusion would lead to the illogical result that the department, admittedly liable for the loss of the car to the owner, is relieved entirely from liability by reason of the collection of insurance by the owner; in other words, it would receive the full benefit of insurance without having to pay a cent for it.

Would it be contended that the claim of the owner against the department would not descend to his executor or administrator because such representative was not named in the Act?

I do not think that it is necessary to cite any other authority upon this proposition than the case of *Spiller v. R. Co.,* 253 U. S., 117, 40 S. Ct., 466, 473, 64 L. Ed., 810. In that case a provision in the Interstate Commerce Act that makes a common carrier, for anything done contrary to the prohibition of the Act, "liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this Act," was under review. The point was made there, as here, that the assignee of the original claimant could not claim the benefit of the statute. The Court said: "Section 16 as amended (34 Stat., 590) (49 USCA § 16) provides that where an award of damages is made by the commission and the carrier does not comply with the order, 'the complainant, or any person for whose benefit such order was made' may bring suit. Stress is laid upon the absence of language expressly extending the remedy to the representatives or assigns of the person aggrieved; but we attribute no controling significance to this. The provisions of the Act giving redress, compensatory in its nature, to persons sustaining pecuniary injury through the violation of public duty by

the carrier must receive a reasonably liberal and not a narrow interpretation. A claim for damages sustained through the exaction of unreasonable charges for the carriage of freight is a claim not for a penalty but for compensation, is a property right assignable in its nature *Comegys v. Vasse,* 1 Pet., 193, 213, 7 L. Ed., 108; *Erwin v. United States,* 97 U. S., 392, 395, 396, 24 L. Ed., 1065), and must be regarded as assignable at law, in the absence of an expression of a legislative intent to the contrary."

I think, therefore, that the demurrer should have been sustained upon the first ground above discussed; and that as to the second ground it be declared as the law that an insurance company which pays damages for an injury to a car, caused by the neglect of the State Highway Department, is subrogated to the rights of the owner against the department.