16287

RIDGELAND BOX MFG. CO. *ET AL.* v. SINCLAIR
REFINING CO.

(56 S. E. (2d) 585)

22

*Messrs. Cosgrove & Bailey,* of Charleston, *for Appellant,*

*Messrs. Thomas B. Boulware,* of Allendale, *Y. C. Weathersbee,* of Ridgeland, *E. W. Mullins,* of Columbia, and *Randolph Murdaugh,* of Hampton, *for Respondents,* ▮

November 28, 1949.

STUKES, Justice.

This action was commenced in the Court of Common Pleas for Jasper County on July 22, 1948. It was removed from that court to the United States District Court but remanded by order of the latter filed January 26, 1949. *Ridgeland Box Mfg. Co. et al. v. Sinclair Refining Co.,* D. C., 82 F. Supp. 274. Thereafter, upon motion for change of venue the case was transferred for trial to the Court of Common Pleas for Charleston County.

The complaint contains two causes of action, the first for damages to real estate from fire caused by the negligence of the defendant in specified particulars, the second for destruction by fire of personal property which resulted from defendant's breach of implied warranty of fuel oil which it furnished. The latter characterization of the second cause of action is not an adjudication. The parties differ in their construction of it but the point is not an issue in this appeal, was not argued and need not be decided.

It was alleged in the first cause of action that one W. D. Ellis, now deceased, owned a described acreage of land in Jasper County on which there was a box mill plant of the value of $7,500.00 in itself and to the real estate; on July

13, 1943, the plant contained manufacturing machinery which was operated by a power unit which used fuel oil and was the property of Ridgeland Box Manufacturing Company, a corporation; on and before that date defendant manufactured and sold to the Box Company fuel oil which was not adapted to the purpose for which it was sold, in the knowledge of defendant, in that instead of having a flash point not below 100° F., required for such a power unit, in fact had a flash point far below 100° F. and contained a high explosive or substance which rendered it dangerous for use as fuel, which the defendant had failed to test or analyze or give warning of the danger, all of which caused the power unit to set fire to the contents of the connected fuel tank with resultant explosion and fire which destroyed the box plant, to the injury and damage of Ellis, in the sum of $7,-500.00. The aforementioned conduct of the defendant was the proximate cause of the damage and defendant was negligent in six particulars which need not be here stated. The cause of action continues to the effect that the Box Company has acquired, for value, title to the land and also to the cause of action of Ellis against defendant; and the other plaintiff, Southard, has acquired from the Box Company and its trustees-in-liquidation an undivided one-hundredth part of the land and a similar one-hundredth part of the cause of action of Ellis against the defendant.

The material allegations of the second cause of action contained in the complaint are that the Box Company owned and operated certain personal property in the destroyed building which constituted its manufactory and the articles of property and their itemized values aggregating $33,750.00 are listed as an exhibit to the complaint; the plant was operated by a power unit which consumed fuel oil and fuel was manufactured and sold by defendant to the Box Company for that purpose on and before July 13, 1943, but the fuel was not adapted to such use, within the knowledge of defendant, and the allegations are repeated from the first

cause of action as to the flash point of the fuel and that it contained a high explosive or substance which rendered it dangerous, the defendant failing to test or analyze it, whereby it caused an explosion and resulting fire which destroyed the machinery and stock to the damage of the Box Company in the stated amount of $33,750.00; the co-plaintiff, Southard, had theretofore acquired legal title and beneficial ownership to an undivided one-hundredth part of the assets of the Box Company, including particularly the stated cause of action against the defendant. The prayer is for damages upon the first cause of action $7,500.00, and on the second cause of action, $33,750.00.

Defendant moved for an order to strike from the title of the cause the name of the plaintiff, Southard, and all references in the complaint to him, upon the ground that he is not a necessary or proper party because the causes of action are indivisible and non-severable, the right, if any, being vested solely in the Box Company; and failing in that, then Southard should be stricken from the complaint so far as he may be related to the second cause of action, for the same reason stated in the first part of the motion. It was denied by formal order dated July 16, 1949.

Defendant moved at the same time to make the complaint more definite and certain in numerous particulars which will be referred to in the discussion hereinafter of the appeal from the formal order by which the motion was refused, also on July 16, 1949.

Finally, defendant demurred to the complaint for alleged defect of parties upon the ground that it appears upon the face thereof that the Box Company is, and was prior to the commencement of the action, in liquidation and that the trustees-in-liquidation, receiver or receivers, is or are not plaintiffs; and that because of the pending liquidation there should be authority or resolution for the institution of the action. The demurrer went further with respect to the second cause of action upon the point that the cause of action

therein alleged is indivisible, vested solely in the Box Company and the cause of action cannot be maintained by the alleged joint plaintiffs. The demurrer was overruled by formal order of the same date as the others.

From the several adverse orders the defendant has appealed and in our consideration the format of the brief will be followed.

1. As to order denying motion to strike portions of the complaint.

The question is argued by appellant in a double aspect (1) is Southard a real party in interest in each cause of action? And (2) is he a real party in interest in the second cause of action? However, the reasons for affirmative answers to the questions are equally applicable to both. The ultimate answer is that he is a real party in interest in both causes of action because under the allegations of the complaint he is an assignee of part of each cause.

Respondents' successful motion to remand the case to the State Court resulted in the comprehensive order cited *supra*. It decided the major questions which are presented by this appeal and we are in agreement with that Court's disposition of them. The main points under consideration there were the effectiveness of the alleged assignment to the plaintiff Southard of part of the claims against the defendant and whether on that account Southard is a real party in interest. The conclusions were favorable to the respondents here, which resulted in remand because it was alleged that Southard and defendant were of the same State of residence and diversity of citizenship (necessary to jurisdiction of that court) did not exist.

The decision was reached upon the authority of *Bultman v. Atlantic Coast Line R. Co.,* 103 S. C. 512, 88 S. E. 279, which involved the partial assignment of a fire damage claim, and *Evans v. Watkins,* 112 S. C. 419, 100 S. E. 153. The recent cases of *Pacific Mills v. Textile Workers' Union,*

197 S. C. 330, 15 S. E. (2d) 134, 135 A. L. R. 497, and *Orr Cotton Mills v. St. Mary's Hospital,* 203 S. C. 114, 26 S. E. (2d) 408, were properly held not to impinge upon the earlier established rule. They involved multitudinous partial assignments of wages to be earned in the future and, if enforced, would have been unreasonably burdensome on the employers and, at least in the *Orr case,* fraught with danger of liability, considerations which are not present here.

There is an older authority in our reports which is very illuminating. It is *Childs v. Alexander,* 22 S. C. 169, which was decided soon after the adoption of the code in this State. It involved suit upon a note and mortgage where the partial assignee declined to join as plaintiff and was made a defendant. That procedure was approved and we quote at length from the opinion:

"So that the code, in our opinion, when it provided and enacted in general terms that 'every action must be prosecuted in the name of the real party in interest,' except as otherwise provided therein (Sec. 132), was intended to apply principally to the cases of assignments of contract, or rather to rights of action capable of assignment, and in that way to meet the difficulty which existed at common law, where, as we have seen, the assignee, although after assignment to him he was in truth the real and only party in interest, yet could not sue in his own name. In other words, this section of the code was intended to adopt in all the courts the practice which formally prevailed in the Court of Equity on this subject. The code, however, has not gone to the extent of making things legally assignable which were not so before, but it simply declares that when a transfer or an assignment has been made, which in equity has the effect of making the assignee the real party in interest, that then such assignee must sue.   *   *   *

"Under this state of facts a question arises, what is the effect of a partial assignment of a contract, note, or mortgage, as to the right of action in the parties interested? Can

the contract be split in this way so as to make the debtor liable to two or more actions and against his consent? We think not, nor could, under the old practice, the partial assignee, so to speak, have joined in the suit with the assignor, and this principle is still adhered to in some of the states, even where the code has been adopted. *Cable v. St. Louis Marine Railway & Dock Co.,* 21 Mo. 133. But in equity such an assignee was regarded as having an equitable interest, which, under the equity practice, could be enforced in the courts of equity, the assignor and debtor both being made parties, just as, before the code authorized the real party in interest in assignments of an entire contract to sue at law, equity had allowed such assignee to sue in equity. We see no reason, then, why under the code, since all distinction between law and equity as to the mode of procedure has been abolished, a partial assignee may not join with the assignor, in pursuit of his partial interest, as well as to sue alone when the whole contract has been transferred to him, especially as one of the objects of the code, in establishing but one mode of procedure, was to bring into operation the equity practice as far as practicable in all courts and actions.

"This seems to be the law in some of the states where the code has been adopted, notably in Indiana and California (*Lapping v. Duffy,* 47 Ind. 51; *Grain v. Aldrich,* 38 Cal. 514 [99 Am. Dec. 423]; Bliss, Code Pl., Sec. 65), and we can see no legal objection to it.   *   *   *"

Our decisions which the federal court followed accord with the general rule. 4 Am. Jur. 251 *et seq.,* Assignments, sec. *27 et seq.*; the following is from sec. 124, p. 329: "In the Code states where procedural distinctions between law and equity have been abolished, and where legal and equitable remedies are secured by the same form of action, it is generally conceded that if part of an obligation or demand has been assigned, the assignee can maintain an action to recover his share by joining the assignor as plaintiff, or, if he will not join, by making him a

defendant, so that the whole controversy may be settled in one suit." To the same effect is 6 C. J. S., Assignments, § 126, page 1180, as follows: "The general rule, except as it may have been modified by statute, is that, where part of a chose in action has been assigned, the assignor and the assignee may unite in a suit for the enforcement of the chose, * * *."

The very recent case of *Pringle v. Atlantic Coast Line R. Co.,* 212 S. C. 303, 47 S. E. (2d) 722, cited and relied upon by appellant, is not contra. It was concerned with subrogation after insurance loss paid and effort was made by the defendant tort-feasor to require the joinder as plaintiff of the subrogee. Here the partial assignee is joined as plaintiff; the case is therefore irrelevant. See the accurate analysis of it in 82 F. Supp. at pages 277, 278.

■ Appellant's contention of severance of the causes of action is mistaken. The complaint does not present an attempt at severance. Instead, the picture is of partial assignments of the causes and the assignor and assignee have joined as plaintiffs, thus submitting the entire causes for adjudication in one action. Only the ownership is divided. This course is sanctioned by the authorities which have been cited. "A severance of an action splits the cause into two parts and terminates in separate judgments." *Steinbugler v. William C. Atwater & Co.,* Sup., 16 N. Y. S. (2d) 851, 854.

The motion to strike was properly refused.

II. As to order denying motion to make the complaint more definite and certain.

■■ The governing statute provides that when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleadings to be made more definite and certain by amendment. Sec. 478, Code of 1942. This provision implies discretion which will not be

disturbed on appeal unless it be shown that the pleading does not apprise the adversary of the charge which he will have to answer. In other words, an appellant from an order thereabout must show prejudice to his position in order to entitle him to reversal. Numerous pertinent decisions by this court are collected in 27 South Eastern Digest, Pleading, page 440 *et seq.*

The motion here was made in great and unwarranted detail. All of the many points of it were overruled by formal order in the lower court. It is unnecessary to separately discuss each of the features because many of them plainly related to evidentiary matters which should not be pleaded. We shall mention the specification in which we think a wiser exercise of discretion would have resulted in the granting of the motion to that limited extent. However, it may be said that appellant's contention that allegations of the contents of the allegedly faulty fuel and the details of its defective manufacture should have been set forth in the complaint overlooks the present allegations that the oil was not adapted for the purpose for which appellant knowingly furnished it, that the flash point was too low and it contained an explosive substance which rendered it unsafe, all of which appellant failed to ascertain by analysis or test and give warning. Naturally the methods of manufacture and whether or not there was analysis or test is more within the knowledge of appellant than of the pleader.

There is merit in the motion with respect to the meagre allegations of the complaint concerning the liquidation of the corporation and the assignment to it or the trustees of Ellis' cause of action against appellant and of the partial assignment or conveyance by the corporation or its trustees to Southard. Similarly, the complaint should disclose the identity of the trustees in liquidation. This information may conceivably be needed by appellant in the preparation of its defense.

The complaint must, therefore, be amended to clearly state the names of the trustees in liquidation of the plaintiff corporation and the dates of the assignments and conveyances upon which the alleged rights of the respective plaintiffs depend, and this requirement is applicable to both causes of action.

All of the other many features of the motion have been carefully examined and considered and are found to be without merit.

III. As to order overruling demurrer to the complaint.

Under this head appellant argues first that the complaint shows on its face that the plaintiff corporation is in dissolution because it alleges that a partial assignment to co-plaintiff Southard was made by its trustees in liquidation, hence, it is said, these trustees and their co-plaintiff should have brought the action and not in the name of the corporation. Texts are cited in support. However, they are inapplicable in view of the explicit provisions of our statute law.

Sec. 7704 of the Code of 1942 deals with the forfeiture of the charters of corporations for failure to pay taxes. Even under those circumstances and under the terms of this penal statute it is provided that corporations whose charters are cancelled under it shall be continued bodies corporate for the purpose of prosecuting and defending suits and generally settling the affairs of the corporation. Also by Sec. 7709 corporations of cancelled charters, quoting, "or otherwise dissolved", shall continue in being for purposes of litigation, settlement, and disposal and division of property. Sec. 7710 provides that upon the dissolution in any manner, the directors shall be trustees of the corporation, with enumerated powers. And Sec. 7711 expressly gives the directors, as trustees, quoting, "authority to sue for and recover  *  *  * by the name of the corporation, and shall be suable by the same name or in their own names", etc.

These statutory provisions were considered in *Peeples v. Hornik*, 149 S. C. 40, 146 S. E. 680, where it was held that under the unique circumstances of that case where there were only two directors and the contest was between them, one might optionally bring the action as liquidating trustee against the other for alleged breaches of duty of the latter with respect to the management of the corporation. However, even in that case there was dissent by the able Justice Cothran who thought that under the cited statutes the action should have been brought in the name of the corporation or by the complaining director-trustee in the right of the corporation.

The second branch of appellant's contention in this respect is that the complaint is demurrable for lack of allegation of authority or resolution of the directors for institution of the action. No authority from this State is cited for the position and it appears untenable in view of the express statutory authorization to corporate directors as trustees in dissolution to sue and recover "by the name of the corporation." Code Sec. 7711, *supra*. There would seem to be no necessary difference in the contents of the complaint in this respect of an active corporation and one in liquidation and it will hardly be contended that the ordinary complaint of a going corporation should include allegations relating to the resolution or other action of the directors which authorized institution of the suit.

Appellant's objections to the complaint upon the grounds just stated are untenable.

The orders appealed are affirmed except that which refused motion to make the complaint more definite and certain which is reversed only to the extent which is required to conform it to the views which have been expressed. The respondents are granted leave to serve upon appellant's counsel an amended complaint, conformable herewith, within twenty days after filing of the remittitur in the lower

court, with leave to appellant to thereafter plead thereto within the usual time.

Affirmed in part; reversed in part.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.