Josephine C. RAWLS, Plaintiff,

v.

RYDER TRUCK RENTAL, INC. and
Crown Cabinet Company,
Defendants.

Civ. A. No. AC–1516.

United States District Court
E. D. South Carolina,
Columbia Division.

Dec. 9, 1964.

E. Pickens Rish, Lexington, S. C., for plaintiff.

S. Augustus Black, Columbia, S. C., for defendant Ryder Truck Rental, Inc.

Thomas E. McCutchen and D. Reece Williams, III, Columbia, S. C., for defendant Crown Cabinet Co.

HEMPHILL, Chief Judge.

Petition for removal to the United States District Court for the Eastern District of South Carolina from the Court of Common Pleas of Lexington County, South Carolina, and Motion to Remand to the State Court, precipitate this consideration. Original complaint, bearing caption "Josephine C. Rawls, Plaintiff, vs. Ryder Truck Rental, Inc., and Crown Cabinet Company, Defendants" was dated July 21, 1964 and pitched in the State Court; the Summons,[1] with complaint demanding $15,600.00 damages, attached, was served on defendant Ryder Truck Rental, Inc. at Greenville, S. C., July 31, 1964. The record in this

---

1. Section 10–401, S.C.Code for 1962 provides: "*Actions commenced by service of summons.*—Civil actions in the courts of record of this State shall be commenced by service of a summons."

Court does not reveal when service was accomplished, or how, on Crown Cabinet Co.,[2] but the lack of such information is not fatal to this determination. The record does reveal that on August 18, 1964 counsel for Crown made Special Appearance in the State Court, in part as follows:

"(a) that the charter of Crown Cabinet Company was cancelled by the Secretary of State of South Carolina on September 5, 1963 for nonpayment of capital stock taxes, and, therefore, the Crown Cabinet Company was not in existence at the time service was attempted;

"(b) that the Crown Cabinet Company, having been dissolved by the Secretary of State of South Carolina on September 5, 1963, is not in existence, is without assets, and has no facilities by which a defense can be made to the claim of Josephine C. Rawls;

"(c) affirming, and not negating (a) and (b) above, the complaint of the plaintiff Josephine C. Rawls states a cause of action in tort which does not survive the dissolution of a corporation;

"(d) affirming, and not negating (a) and (b) above, because the action sued upon by the plaintiff does not survive the dissolution of the Crown Cabinet Company, William H. Duffie was not an existing agent upon whom service of process could be attempted;

"(e) that there has not been a valid service of the named defendant Crown Cabinet Company;

"(f) that the named defendant Crown Cabinet Company actually liquidated on November 1, 1960, and did not exist at the time of the attempted service of the summons and complaint."

On August 18, 1964, counsel for defendant Ryder filed Petition and Bond for Removal, the crux of which was:

"5. At the time this cause of action arose, the defendant Crown Cabinet Company was, as the defendant, Petitioner is informed and believes, a resident and citizen of South Carolina and a corporation created and existing under and by virtue of the laws of the State of South Carolina. However, the defendant, Petitioner, is informed and believes that the corporate charter of the defendant, Crown Cabinet Company, has since been revoked by the Secretary of State of South Carolina for nonpayment of stock tax and no longer exists as a corporate entity. (Attached hereto is the cancellation certificate of the Secretary of State for South Carolina.) Therefore a diversity of citizenship exists between the plaintiff and the only legally existing defendant, Ryder Truck Rentals, Inc."

On August 21, 1964, defendant Ryder interposed its answer, pitched in the United States District Court for the Eastern District of South Carolina,

2. Title 28 U.S.C. § 1446(e) provides: "Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

Despite this the original record was not forwarded from the State Court for this Court's perusal. Title 28 U.S.C.A. § 1449 was not invoked, but provides: "*State court record supplied.* Where a party is entitled to copies of the records and proceedings in any suit or prosecution in a State court, to be used in any district court of the United States, and the clerk of such State court, upon demand, and the payment or tender of the legal fees, fails to deliver certified copies, the district court may, on affidavit reciting such facts, direct such record to be supplied by affidavit or otherwise. Thereupon such proceedings, trial, and judgment may be had in such district court, and all such process awarded, as if certified copies had been filed in the district court."

Columbia Division (which includes Lexington County),[3] alleging, among others:

"The defendant Ryder Truck Rental had leased its truck to the defendant Crown Cabinet Company a corporation no longer in existence and if there was any negligent, willful or reckless acts on the part of the driver of the truck it is the negligence of the co-defendant Crown Cabinet Company, a corporation no longer in existence whose agent and servant, Zeb Bellflower committed the negligent acts, if any. Zeb Bellflower is not now and was not at the time of this collision an agent and servant or employee of the defendant Ryder Truck Rental.

"Plaintiff is a resident of the State of South Carolina and the defendant, Ryder Truck Rental is a corporation duly organized under the laws of the State of Florida with its principal place of business in Miami.

"The amount in controversy exceeds Ten Thousand ($10,000) Dollars exclusive of costs."

On August 25, 1964, plaintiff served Ryder and others,[4] an "amended summons", with complaint attached, this complaint making demand for $9,999.99.

This activity is described in Ryder's Petition[5] for stay of State proceedings as:

"That the cause being thus at issue upon the pleadings, the plaintiff sought to amend its pleadings in the State Court so as to deprive this Honorable Court of jurisdiction of said cause; that in furtherance of such purpose plaintiff served upon petitioner and others her amended Summons and Complaint of date August 25, 1964, wherein she sought to add new parties defendant, so as to destroy diversity and sought to reduce the recovery demanded against the defendants to a figure below the jurisdictional amount necessary to maintain her action in the United States District Court. That such "amended" action is in all other respects the identical action earlier removed by petitioner."

On October 12, 1964 a hearing was held at Columbia, S. C., at which time it was admitted that plaintiff was a resident of Lexington County, Ryder a foreign corporation, and Crown Cabinet Co. was formerly a South Carolina corporation with principal place of business at Florence, South Carolina, whose corporate charter had been cancelled, by the Secretary of State for the State of South Carolina "for non payment of stock tax."[6]

3. Title 28 U.S.C. § 121(a) (2).

4. "AND WILLIAM H. DUFFIE, JOHN H. STELLING, D. A. KENNEDY, AND HENRY H. SHELLOR, the surviving directors of Crown Cabinet Co., Defendants."

5. Dated September 15, 1964 and attached to a Motion for Stay of same date.

6. Section 12-22.11 S.C.Code for 1962 provides: *"Dissolution by forfeiture.*—(a) If a domestic corporation has failed to
  "(1) File its annual report within the time required by chapters 1.1 to 1.14 of this Title, or
  "(2) Pay its franchise tax on or before the date on which such franchise tax is due and payable, or
  "(3) Appoint and maintain a registered agent in this State, or
  "(4) For thirty days after change of its registered office or registered agent file in the office of the Secretary of State a notice of such change,

The Secretary of State shall send to the corporation by registered or certified mail addressed to its registered office or principal place of business notice of its impending dissolution by forfeiture, setting forth the ground thereof, and stating that the default must be removed within ninety days of the date of the notice.
  "(b) If, within ninety days from the date of the notice, the corporation shall not have removed the default, the Secretary of State shall prepare a declaration of dissolution of the corporation by forfeiture stating the ground therefor, and shall file the declaration in his office. The Secretary of State shall send a copy of such declaration to the corporation by registered or certified mail addressed to its registered office or principal place of business, and shall publish the fact of such dissolution in a newspaper published or circulated in the county in which the corporation's last known registered office is located."

The fact that one or more of the directors was, or is, a citizen and resident of South Carolina is not questioned.

■■ The attempted reduction of the demand below the jurisdictional amount of this Court[7] will not suffice to deprive this Court of jurisdiction.[8] There was no evidence from which this Court could determine, as a matter of law, that plaintiff was not entitled to recover an amount equal to the jurisdictional amount.[9] Generally, the right of removal, a statutory remedy,[10] is determined as of the time of filing the Petition which, in this case, was August 18, 1964.[11]

On October 15, 1964 plaintiff noticed Motion to Remand, upon grounds:

"(1) That there is no diversity of citizenship as the Directors of the Crown Cabinet Company are liable to suit in the name of corporation after its dissolution pursuant to Section 12–603 of the 1962 South Carolina Code of Law.

"(2) That the case was improperly removed to the Federal Court as there had been no disposition in the State Court of the Special appearance by the Defendant, Crown Cabinet Company."

■ No motion to remand was necessary at this juncture as the burden was on Petitioner to establish grounds for removal. The question, then, is: Does the Crown corporation exist for the purpose of answering to suit beyond the date and time of admitted forfeiture of charter?

The accident, or collision, out of which this controversy arose, occurred on or about September 11, 1959, before the corporation was dissolved.[12]

Section 12–601 of the South Carolina Code of Laws for 1962, provides:

"All corporations, whether they expire by their own limitation or be annulled by the General Assembly or otherwise dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established."

Section 12–603 of the South Carolina Code of Laws for 1962 provides:

"The directors constituted trustees as aforesaid may sue for and recover the aforesaid debts and property by the name of the corporation and shall be suable by the same name or in their own names or individual capacities for the debts owing by such corporation. They shall be jointly and severally responsible for such debts to the amount of the moneys and property of the corporation which shall come to their hands or possession as such trustees."

Ridgeland Box Manufacturing Co. v. Sinclair Refining Co., 216 S.C. 20, 56 S.E.2d 585–590, is authority that:

"Sec. 7704 of the Code of 1942 deals with the forfeiture of the charters of corporations for failure to pay taxes. Even under those circumstances and under the terms of this penal statute it is provided that corporations whose charters are cancelled under it shall be continued bodies corporate for the purpose of prosecuting and defending suits and generally settling the affairs of the corporation.

---

7. Title 28 U.S.C. § 1332.

8. See Eaddy v. Little, 234 F.Supp. 377, 379 (E.D.S.C.1964) citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.

9. See Yetter Homes, Inc. v. Coastal Cabinet Works, Inc., 234 F.Supp. 568 (E.D. S.C.1964); also F & S Constr. Co. v. Jensen, 337 F.2d 160 (10 Cir. 1964).

10. Wright on Federal Practice, 1963 Ed. page 110.

11. Wright on Federal Practice, 1963 Ed. page 114.

12. There was some evidence before the Court the Crown Corporation was dissolved in 1960.

Also by Sec. 7709 corporations of canceled charters, quoting, 'or otherwise dissolved,' shall continue in being for purposes of litigation, settlement, and disposal and division of property. Sec. 7710 provides that upon the dissolution in any manner, the directors shall be trustees of the corporation, with enumerated powers. And Sec. 7711 expressly gives the directors, as trustees, quoting, 'authority to sue for and recover * * * by the name of the corporation, and shall be suable by the same name or in their own names', etc.

"These statutory provisions were considered in Peeples v. Hornik, 149 S.C. 40, 146 S.E. 680, where it was held that under the unique circumstances of that case where there were only two directors and the contest was between them, one might optionally bring the action as liquidating trustee against the other for alleged breaches of duty of the latter with respect to the management of the corporation. However, even in that case there was dissent by the able Justice Cothran who thought that under the cited statutes the action should have been brought in the name of the corporation or by the complaining director-trustee in the right of the corporation."

 Plaintiff could maintain this suit against the Crown Cabinet Co., if in being, and if the charter was not forfeited or surrendered at the time of commencement of suit; or if expired, Sec. 12–603 would give plaintiff right to pursue against directors and/or trustees as therein sanctioned by statute. In either instance a party defendant would be of South Carolina, corporate entity or person. Complete diversity of citizenship would not exist, and removal would not lie. Defendant Ryder's Petition for Removal must therefore be denied.

No effort is made by this Court to pass on the issue of whether Crown was properly served; such was not urged upon us for decision, and, in appearing especially, Crown did not press any claimed defect of service before this Court. If such issue is to be decided, the forum of original entry is the proper court of resort.

Nor is there decided here whether plaintiff should amend or could amend to substitute the alleged directors or trustees. Ridgeland, supra, is authority for State Court direction that "[t]he complaint must, therefore, be amended to clearly state the names of the trustees in liquidation * * *." The Court of Common Pleas for Lexington County, South Carolina, has power to direct, to authorize, to refuse. This Court, denying Petition for Removal, has no authority further.

Remanded to Court of Common Pleas for Lexington County, South Carolina, for further proceedings.

And it is so ordered.